# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

vs.                                                  Civil No. 01-670 MV/WWD
                                                  Crim. No. 99-685

ANDRES (ANDY) GARCIA

        Defendant/Petitioner.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
### Proposed Findings

        1. This matter comes before the Court upon the motion of Defendant/Movant under 28 U.S.C. §2255, filed June 12, 2001. Petitioner pled guilty to drug charges under 21 U.S.C. § 841(b)(1)(A) and (b)(1)(B).

        2. Petitioner alleges the following grounds for relief:

(1) Petitioner received ineffective assistance of counsel when Petitioner's counsel failed to object to the criminal history calculation contained in the presentence report based on the probation officer's conclusion that the offense for which Petitioner was being sentenced occurred while Petitioner was on probation.

(2) The United States breached its plea agreement with petitioner by failing to advocate for application of the provisions of 18 U.S.C. §3553(f), the so called "safety valve " provision of the criminal code.

(3) Petitioner's plea was involuntary due to the ineffective assistance of his counsel and the actions of the prosecution in assuring him that he would be eligible for safety valve relief.

*Plea Proceedings*

3. On November 3, 1999, Eduardo Garcia ("Eduardo") and Andres Garcia ("Petitioner") , brothers and co-defendants, appeared before the Honorable Bruce D. Black, United States District Judge to enter guilty pleas. Eduardo entered his guilty plea first. He was advised as to the sentence which could be imposed, circumstances which could increase his sentence under the sentencing guidelines, and that cooperation with the government could result in a downward departure in the sentencing guideline range. After certain other discussion, Eduardo entered his guilty plea.

4. After being placed under oath, Petitioner indicated that he had discussed the case and the sentencing guidelines with his counsel with whom he was satisfied. He acknowledged execution of the plea agreement the contents of which he understood. Petitioner acknowledged that he had heard Judge Black's explanation to Eduardo of the right to a jury trial and the sentencing guidelines. Petitioner had no questions concerning his constitutional rights. He was advised as to the penalties which could be imposed if he entered a guilty plea. Petitioner made no claim that he was innocent. Petitioner entered a plea of guilty to the indictment.

*The Plea Agreement.*

5. Under the heading "Stipulations" in the Plea Agreement , Paragraph 7D states in relevant part, the following, to wit:

> Provided that the Defendant meets the requirements of 18 U.S.C. §3553(f), The defendant is entitled to a reduction of two levels from the base offense level .

In Paragraph 8, which follows Paragraph 7D, there is the following language, to wit:

>The United States and the Defendant understand that the above stipulations are not binding on the Court and that whether the Court accepts these stipulations is a matter solely within the discretion of the Court after it has reviewed the Pre-sentence report. <u>The defendant understands and agrees that if the Court does not accept any one or more of the above stipulations, the defendant hereby waives the right to appeal the Court's rejection of such stipulations.</u> (Emphasis supplied).

Under the heading "WAIVER OF APPEAL RIGHTS" in the plea agreement, the following language appears, to wit:

>11. The defendant is aware that Title 18 United /States Code, Section 3742 affords the defendant the right to appeal the sentence imposed.
>
>>A. acknowledging that the defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute of conviction (or the manner in which that sentence was determined) on the grounds set forth in Title 18 United States Code, Section 3742 or any ground whatever, in exchange for the concessions made by the United States in this plea agreement. <u>The defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28 United States Code, Section 2255.</u> (Emphasis supplied).
>>
>>B. acknowledging that the defendant knowingly waives the right to appeal any sentence within the guideline range applicable to the statute of conviction as determined by the Court after resolution of any objections by either party to the pre-sentence report to be prepared in this case, and the defendant specifically agrees not to appeal the determination of the Court in resolving any contested sentencing factor.
>>
>> * * *
>>
>><u>The defendant also waives[1] his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255, except to the extent, if any that the Court may depart upwards from the applicable sentencing guideline range.</u> (Emphasis supplied).

---

[1] The waiver provisions of the Plea Agreement are included even though they were not argued.

*Standards to be Applied - Ineffective Assistance of Counsel*

6.  Strickland v. Washington, 466 U.S. 668 (1984) applies to challenges to guilty pleas based on ineffective assistance of counsel, as in the instant case. Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. at 370.  To prevail under Strickland, a petitioner must show both (1) that counsel's performance was deficient and (2) that this deficiency prejudiced appellant's defense. Strickland, 466 U.S. at 687; Gillette v. Tansy, 17 F.3d 308, 310 (10th Cir.1994).

7.  A petitioner can establish the first prong of the Strickland test by showing that the attorney's conduct did not fall within the wide range of competence demanded of attorneys in criminal cases. Gillette, 17 F.3d at 310.  See Hill v. Lockhart, 474 U.S. 52, 56 (1985).  A court's review of the attorney's performance must be highly deferential. Strickland, 466 U.S. at 689.

8.  The United States (hereinafter "Respondent") argues that Petitioner's counsel was not ineffective in failing to object to the criminal history points assessed against Petitioner for a DWI conviction (one point) and for being on probation when the current offense was committed (two points). Defendant was convicted of DWI on March 8, 1999, and was given a suspended sentence and one year probation at that time. Defendant, contends that the conspiracy for which he was convicted ended on February 18, 1999 (18 days before the DWI conviction), when co-defendant Alfred Mendoza was arrested in Lawrence , Massachusetts, with twelve kilograms of cocaine. The United States points out that even though 448 pounds of cocaine and 554 pounds of marijuana connected to the conspiracy were seized in June 1998 (eight months before February 18, 1999), the large seizure did not cause the conspiracy to terminate.  The United States also

points out that searches were conducted in Petitioner's house in June 1999 (three months after Petitioner's DWI probation began on March 8, 1999); and that these searches turned up cocaine, cash, packing materials, and false identifications. Except for pointing out that co-conspirator Alfred Mendoza was arrested before the time when Petitioner was convicted of DWI and placed on probation, Petitioner offer no other "proof" that the conspiracy in which he was involved had ended; nor does Petitioner offer any proof of having withdrawn from the conspiracy at any particular time. Petitioner failed to carry the required burden of proof on the issue of whether the conspiracy had ended so as to make the criminal history calculations in the presentence report incorrect.

9. "[A] conspiracy, once instituted, continues to exist until it is abandoned, succeeds, or is otherwise terminated by some affirmative act, such as withdrawal by the defendant." United States v. Russell, 963 F.2d 1320, 1322 (10th Cir. 1992). The time at which a conspiracy ends depends upon the facts of the individual case. United States v. Smith, 833 F.2d 213, 220 (10th Cir. 1987). The Court in Smith held that the determination of whether the conspiracy had ended hinged on the "central criminal purpose" of the conspiracy.

10. The central criminal purpose of the current conspiracy was the distribution of cocaine and marijuana. There is no evidence that the central criminal purpose had been abandoned or that Petitioner has withdrawn from the conspiracy by the time of the DWI conviction and the term of probation imposed after that conviction. Although no "objection" to the presentence report was made, the Addendum to the Presentence Report notes that Petitioner and his counsel felt that the criminal history category placed an overemphasis on the seriousness of Petitioner's criminal conduct. The Addendum then details the various offenses with which Petitioner had been charged

5

within ten years of the indictment here involved, concluding that the criminal history category properly reflected Petitioner's criminal history. Nevertheless, Judge Conway departed downward one level in the criminal history category at sentencing, resulting in a lowering of the Petitioner's sentence by 20 months    The assessment of points in the presentence report resulting in a criminal history level of II was not incorrect, and defense counsel was not required to pursue the matter further. Defense counsel's conduct was not deficient and Petitioner suffered no prejudice as the result of his counsel's conduct at sentencing.

On March 28, 2000, Petitioner's counsel filed a pleading entitled Objections to Presentence Report and Request for Downward Departure (Docket #145) which sought a guideline adjustment which would have enabled Petitioner to be eligible for relief under 18 U.S.C. §3553(f). The objection specifically addressed the increase in Petitioner's prospective sentence caused both by the Petitioner's DWI conviction and the fact that the instant offense was committed while Petitioner was on probation for the DWI conviction.  Petitioner's claim to the contrary as to whether the conspiracy had ended before his DWI conviction is addressed elsewhere.   Petitioner's first claim of ineffective assistance of counsel based on the alleged failure to object to the criminal history calculation in the presentence report is without merit.

***Petitioner's Second and Third Claims for Relief.***

11.  Petitioner states that the United States failed to fulfill its obligation under the Plea Agreement in that it failed to advocate for application of the provisions of 18. U.S.C. §3553(f), the so called "safety valve" provision of the criminal code.   The position of the United States in the Plea Agreement, as set forth in  a "Stipulation" in paragraph #4 above is as follows:

> Provided that the Defendant meets the requirements of 18 U.S.C. §3553(f), The

defendant is entitled to a reduction of two levels from the base offense level .

The proviso of the stipulation was not met since Petitioner failed to meet the requirements for relief under 18 U.S.C. §3553(f).  The stipulation did not obligate the United States to advocate for a particular sentence.  The stipulation was simply a non-binding (on the Court) stipulation which conditionally asserted that Petitioner could be entitled to a reduction of two levels if he met the statutory requirements.

*Sentencing*

12.  At Petitioner's sentencing,  Judge Conway indicated at the outset that he was not going to give the Petitioner the "safety valve" sentence reduction provided for in 18 U.S.C. §3553(f). Judge Conway did, however, indicate that he would reduce the criminal history category II to category I which would reduce the sentence which would be imposed by twenty months. There was a discussion as to whether sentencing should be postponed, possibly allowing for another judge to impose sentence; and a recess was taken. Petitioner was advised by his counsel that he did not qualify for the safety valve relief. Petitioner apparently indicated to his counsel that he would rather have the opportunity to qualify for the safety valve relief. However, his counsel stated that getting the safety valve relief was not possible, and that he did not want Petitioner to lose the twenty month reduction he could obtain if Judge Conway did the sentencing. Judge Conway explained to Petitioner that since Petitioner was ineligible for the safety valve exception, the shortest sentence which could be imposed was 168 months. Petitioner responded, "I'll go with that, your Honor." After more discussion among the Court, counsel and petitioner, another  recess was taken. After the recess Petitioner's counsel indicated that Petitioner was ready

7

to proceed to sentencing. When asked by the Court if he had anything to say before sentence was imposed, Petitioner apologized for the crimes he had committed. The court then stated that the offense level was 35 and criminal history category was I (Judge Conway having lowered the level from II), establishing a guideline imprisonment of 168 to 210 months. A sentence of 168 months was imposed. The stipulation in the presentence report did not obligate the United States to advocate for application of 18 U.S.C. §3553(f); particularly when the sentencing judge indicated he would not apply the provisions of that statute, and when the stipulation concerning the provision was expressly not binding on the sentencing court. There was no breach of the plea agreement by the United States such as to justify setting aside the plea and sentence in this case.

13.    The record at the time of sentencing clearly shows that Petitioner's counsel advised Petitioner that the provisions of 18 U.S.C. §3553(f) would not apply to his sentence. The sentencing judge did the same. There is no evidence in the record to support Petitioner's assertion that his plea was involuntary because of assurances he received from counsel that the provisions of 18 U.S.C. §3553(f) applied. Petitioner's plea was voluntary, and the assertions seeking to link this claim to alleged ineffective assistance of counsel are not consistent with the record.

**Recommendation**

I recommend that Petitioner's Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255 be DENIED and that this cause be DISMISSED WITH PREJUDICE in its entirety.

Within ten days after a party is served with a copy of these proposed findings and

recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections with the clerk of the district court within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE